UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRIAN K. ALFARO,
ALFARO OIL & GAS, LLC, and
ALFARO ENERGY, LLC,

    Appellants,

v.                   No. 5:18-cv-0329-JKP

RICK REILEY, BETTY REILEY,
VINCENT GILLETTE, SHARON WALLS,
RICK GRIFFEY, THOMAS GILLETTE,
DC OIL COMPANY, JAMES BUFORD SALMON,
and DAVID DAVALOS,

    Appellees.

## **ORDER**

  Appellants Brian K. Alfaro, Alfaro Oil and Gas, LLC, and Alfaro Energy, LLC appeal the bankruptcy court's final judgment. The Court AFFIRMS the bankruptcy court's judgment.

## I. Background

  This action was commenced in the 288th District Court for Bexar County on April 24, 2015. On April 28, 2015, the Plaintiffs sought and obtained a temporary restraining order against Brian Alfaro, Primera Energy, LLC, Alfaro Oil and Gas, LLC, and Alfaro Energy, LLC. On June 2, 2015, the state court judge entered a temporary injunction against Defendants Alfaro, Primera, Alfaro O&G, and Alfaro Energy. On June 3, 2015, Primera filed for relief under Title 11 of the U.S. Code commencing Bankruptcy Case No. 15-51396. On June 19, 2015, Alfaro, Primera, Alfaro O&G, Alfaro Energy, King Minerals, LLC, and Silver Star Resources, LLC removed the state court action to the federal bankruptcy court, commencing Adversary Proceeding No. 15-05047.

The bankruptcy court conducted a six-day trial, which concluded on April 18, 2017. After presentation of their evidence, Plaintiffs rested and Defendants asked for a directed verdict, asserting that Plaintiffs had not met their burden of proof. The court denied Defendants' oral request for a directed verdict. Thereafter, Defendants rested without offering any controverting evidence or argument. The parties were allowed to submit post-trial briefs.

On December 29, 2017, the bankruptcy court issued its Memorandum Opinion and Judgment. No. 15-05047-CAG, Dkt. Nos. 369, 370. The court found in favor of the Plaintiffs on five of the ten claims presented at trial, to wit: common law fraud, fraud in the inducement, fraud in the real estate transaction, negligent misrepresentation, Texas Uniform Fraudulent Transfer Act ("TUFTA"). The bankruptcy court's judgment holds Defendants liable for $7,989,526.75 in actual damages; awards attorneys' fees, expert witness fees, costs for copies of depositions, and costs of court; and imposes a constructive trust.

## II. Jurisdiction and Standard of Review

### A. Jurisdiction

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a), which provides district courts with the authority to hear appeals from final judgments and orders of bankruptcy judges. When a district court reviews the decision of a bankruptcy court, the district court "functions as a[n] appellate court, and applies the standard of review generally applied in federal court appeals." *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992).

### B. Standard of Review

"A bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed *de novo*." *Saenz v. Gomez (In re Saenz)*, 899 F.3d 384, 390 (5th Cir. 2018) (citing *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir.

2005); *see also In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009) ("Under a clear error standard, this court will reverse 'only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made.'") (quoting *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 533 (5th Cir. 2003)).

**III. Discussion**

The success of Appellants' appeal turns on whether there was sufficient evidence before the bankruptcy court to (1) support judgments for fraud, fraud in the inducement, fraud in a real estate transaction, and negligent misrepresentation; (2) find that Primera paid its employees using a commission-based compensation; (3) find justified reliance in support of fraud findings; (4) find that the representations made by the Appellants to the Appellees were material; and (5) to make fraudulent transfer findings. *See* Appellant's Brief, ECF No. 6 at 8-9.

Appellants' failure to comply with the Federal Rules of Appellate Procedure and the Bankruptcy Appellate Panel Rules prevents this Court from reviewing this case.[1] Federal Rule of Appellate Procedure 10(b)(2) provides:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.

Fed. Rules App. Proc. 10(b)(2). Federal Rule of Bankruptcy Procedure 8009(b)(5) provides nearly identical language:

> If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must

---

[1] "The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000). "Dismissal of the appeal may be appropriate where the record does not disclose the factual or legal basis of the bankruptcy court's decision, and the appellant has failed to provide the reviewing court with the key portions of the record." *Galasso v. Imes*, No. A-15-CA-578-SS, 2015 WL 6443135, at *5 (W.D. Tex. Oct. 22, 2015) (citing *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 218 (E.D.N.Y. 2014)).

> include in the record a transcript of all relevant testimony and copies of all relevant exhibits.

Fed. R. Bankr. P. 8009(b)(5). Both rules thus require the appellant to include all evidence relevant to its appeal.

Here, Appellants did not designate any items to be included in the record on appeal.[2] "Within 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal[.]" Fed. R. Bankr. P. 8006. Consequently, the record before this Court includes only the bankruptcy court's Memorandum Opinion, Appellants' Brief and Reply Brief, and Appellees' Brief. This record does not permit consideration of Appellants' arguments. Significantly, the record before the Court does not include an official transcript of the six-day trial before the bankruptcy court nor does it include any exhibits submitted as evidence during the trial. As the Court is thus unable to review the evidence presented to the bankruptcy court, it cannot conclude the bankruptcy court's findings of fact are clearly erroneous. *Marino v. Seeley* (*In re Marino*), 437 B.R. 676, 679 (B.A.P. 8th Cir. 2010) (citing *McCormick v. Diversified Collection Servs., Inc. (In re McCormick),* 259 B.R. 907, 909 (B.A.P. 8th Cir. 2001)).

Accordingly, the court affirms the decision of the bankruptcy court. *See In re Friedman*, 126 B.R. 63, 68 (B.A.P. 9th Cir. 1991) (noting that the court would be justified in affirming the decision below on the basis that appellant had not supplied the court with the portions of the record indicating that the bankruptcy court's decision was in error); *see also Bank of Neb. v. Rose (In re Rose)*, 483 B.R. 540, 544 (B.A.P. 8th Cir. 2012) (where the debtor did not file a designation of the items to be included in the record on appeal and the issues presented called

---

[2] *See* No. 15-05047, ECF No. 439 ("Transmission of Record on Appeal to District Court - Record is Complete - A designation of the items to be included in the Record on Appeal has not been filed - Civil Action Number: 18-CV-00329.").

into question many of the bankruptcy court's findings of fact, the court found it was unable to consider the debtor's arguments); *Sheppard v. Love*, No. 6:16-CV-169 RP, 2016 WL 7324100, at *3 (W.D. Tex. Dec. 14, 2016) ("Without a transcript, the Court cannot review the findings and conclusions of the bankruptcy court. And without such review the Court is left with no choice but to affirm the ruling of the bankruptcy court.") (collecting cases) *aff'd*, *In re Sheppard*, 686 Fed. Appx. 289 (5th Cir. 2017) (unpublished).

## IV. Conclusion

The judgment of the bankruptcy court is AFFIRMED.

**IT IS SO ORDERED this 27th day of September, 2019.**

_____
**JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE**