# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

BRIAN K. ALFARO,
ALFARO OIL & GAS, LLC, and
ALFARO ENERGY, LLC,

        Appellants,

v.                                                                       No. 5:18-cv-00329-JKP

RICK REILEY, BETTY REILEY,
VINCENT GILLETTE, SHARON WALLS,
RICK GRIFFEY, THOMAS GILLETTE,
DC OIL COMPANY, JAMES BUFORD
SALMON, and DAVID DAVALOS,

        Appellees.

# ORDER

Before the Court is Appellants' *Motion to Dismiss, or in the Alternative, to Designate Record Items Out of Time* (ECF No. 22) to which Appellees responded and Appellants replied (ECF Nos. 24, 26). For the reasons stated below, the Court DENIES the motion.

## I. Background

The procedural history of this case is lengthy and complex. Emphasized here are those events most relevant to this motion. A detailed procedural history can be read in *Patek v. Alfaro (In re Primera Energy, LLC)*, 579 B.R. 75 (Bankr. W.D. Tex. 2017). (Bankr. ECF No. 369).[1]

The action discussed herein commenced on April 24, 2015, in the 288th District Court for Bexar County. On April 28, 2015, the Plaintiffs sought and obtained a temporary restraining order against Brian Alfaro, Primera Energy, LLC, Alfaro Oil and Gas, LLC, and Alfaro Energy, LLC.

---

[1] "Bankr. ECF No." refers to the electronic case file number in the Bankruptcy Court Adversary Proceeding Docket, Case No. 15-51396-CAG, Adversary No. 15-05047.

On June 2, 2015, the state court judge entered a temporary injunction against Defendants Alfaro, Primera, Alfaro O&G, and Alfaro Energy. On June 3, 2015, Primera filed for relief under Title 11 of the U.S. Code commencing Bankruptcy Case No. 15-51396. On June 19, 2015, Alfaro, Primera, Alfaro O&G, Alfaro Energy, King Minerals, LLC, and Silver Star Resources, LLC removed the state court action to the federal bankruptcy court, commencing Adversary Proceeding No. 15-05047.

On February 27, 2017, the Plaintiffs (Appellees) and Defendants (Appellants) consented to entry of final order and judgment by the Bankruptcy Court. (Bankr. ECF No. 290 at 6). The Honorable Craig A. Gargotta ("Judge Gargotta") presided over a six-day trial, which concluded on April 18, 2017. After presentation of their evidence, Plaintiffs rested and Defendants asked for a directed verdict, asserting that Plaintiffs had not met their burden of proof. The court denied Defendants' oral request for a directed verdict. Thereafter, Defendants rested without offering any controverting evidence or argument. The parties were allowed to submit post-trial briefs. On December 29, 2017, the bankruptcy court issued its Memorandum Opinion (Bankr. ECF No. 369) and Final Judgment. (Bankr. ECF No. 370). On March 29, 2018, the Judgment was clarified. (Bankr. ECF No. 400).

On September 27, 2019, this Court affirmed the decision of the bankruptcy court. (ECF No. 16). Following this Court's affirmance of the Bankruptcy Court's decision, Appellants filed motions to correct or modify the record (ECF No. 18) and for reconsideration (ECF No. 19). In denying these motions, this Court reiterated that its affirmance was fully supported by the record designated on appeal. (ECF No. 21). Indeed, after careful review and consideration of the appeal record, which consisted of Judge Gargotta's 182-page Memorandum Opinion, the Final Judgment in the case, Appellants' Brief and Reply Brief, and Appellees' Brief, this Court "was

left with the definite and firm conviction no mistakes had been made." *See id.* (citing *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009)).

Appellants now take a different tack to avoid the consequences of their failure to designate the trial transcripts for the record on appeal.

**II. Discussion**

Contemporaneous with the Motion before this Court, Appellants filed with the Bankruptcy Court a *Motion to Designate Items to be Included in the Record on Appeal Out of Time* (Bankr. ECF No. 639). Judge Gargotta denied that motion on November 4, 2019. (Bankr. ECF No. 648). Appellants move this Court to dismiss their appeal for lack of jurisdiction. Appellants contend the Final Judgment (Bankr. ECF No. 370) did not resolve all parties and claims and, consequently, the Final Judgment in Adversary Proceeding No. 15-05047 is an interlocutory order. (ECF No. 22 at 2).

Pursuant to 28 U.S.C. § 158, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court, as well as interlocutory orders and decrees from which the district court has granted leave to appeal. The Fifth Circuit "has long rejected adoption of a rigid rule that a bankruptcy case can only be appealed as a 'single judicial unit' at the end of the entire bankruptcy proceeding." *In re Kitty Hawk, Inc.*, 204 F. App'x 341, 343 (5th Cir. 2006) (citation omitted). As the Fifth Circuit explained:

> [T]he finality requirement is applied more flexibly in bankruptcy appeals under § 158 than under § 1291. A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding; rather, an order must constitute either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case for the order to be considered final.

*La Tierra Interiors, Inc. v. Wash. Fed. Sav. (In re Tullius)*, 500 F. App'x 286, 289 (5th Cir. 2012) (internal quotation marks omitted).

3

In his Memorandum Opinion and Final Judgment, Judge Gargotta found that nine Plaintiffs (here, Appellees) prevailed on their common law fraud, fraud in the inducement, fraud in the real estate transaction, negligent misrepresentation, and Texas Uniform Fraudulent Transfer Act claims. (Bankr. ECF No. 370 at 3-4). Judge Gargotta entered a constructive trust for specific properties under TUFTA. *Id.* at 5. Judge Gargotta held that the remaining claims failed. *Id.* at 3-4.

The Memorandum Opinion (Bankr. ECF No. 369) and Final Judgment (Bankr. ECF No. 370) granted the following relief to the prevailing Plaintiffs:

> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiffs prevail in their claims for common law fraud, fraud in the inducement, fraud in the real estate transaction, and negligent misrepresentation.
>
> IT IS FURTHER ORDERED, ADJUDGED and DECREED that a take-nothing judgment is entered on Plaintiffs' claim for DTPA, violation of the Texas Securities Act, conversion, unjust enrichment, money had and money received, and civil conspiracy.
>
> IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiffs' request for actual damages is GRANTED in the following amounts:
>
> | Plaintiff | Damages Awarded |
> |---|---|
> | Rick Reiley | $149,832.00 |
> | Betty Reiley | $111,399.22 |
> | Vincent J. Gillette | $324,244.44 |
> | Sharon Walls | $350,055.44 |
> | Rick Griffey | $210,412.00 |
> | Thomas J. Gillette | $379,221.05 |
> | DC Oil Company | $430,820.00 |
> | James Buford Salmon | $6,008,181.10 |
> | David Davalos | $25,361.50 |
> | **Total** | **$7,989,526.75** |
>
> IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiffs' request for a constructive trust for Defendants' violation of Tex. Bus. & Comm. Code § 24.005 2 is GRANTED for the following property:
>
> a. Salary and compensation transferred to the Living Trust beginning March 2016.

    b. Bentley purchased within the last two years with a purchase price of $189,000.00.
    c. Cadillac purchased in May 2013 for $33,705.

    IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants shall provide an accounting for the following property:

    a. Salary and compensation transferred to the Living Trust beginning March 2016.
    b. Bentley purchased within the last two years with a purchase price of $189,000.00.
    c. Cadillac purchased in May 2013 for $33,705.

    IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all other relief not specifically granted herein is DENIED.

Bankr. ECF No. 370 at 5-6. *See also* Bankr. ECF No. 369 at 178-182. The Final Judgment also declares: "This final judgment, therefore, disposes of all adversary causes of action." Bankr. ECF No. 370 at 3.

    Contrary to Appellants' contention the Bankruptcy Court's Final Judgment declaration was merely "Mother Hubbard" language, this Court finds the Bankruptcy Court's 182-page Memorandum Opinion and six-page Final Judgment detailed, thorough, and unambiguous.

    Following entry of the Final Judgment, the parties filed post-trial motions: (1) Motion to Alter or Amend Final Judgment (Bankr. ECF No. 374); (2) Motion for Clarification (Bankr. ECF No. 375); and (3) Motion for Reconsideration (Bankr. ECF No. 376). The parties filed responses and objections to the competing Motions resulting in Orders denying most of the relief requested. (Bankr. ECF Nos. 398, 399, and 400). Notably, the Plaintiffs who did not prevail in the adversary proceeding and sought reconsideration did so, not because the Final Judgment did not resolve their claims, but because the Final Judgment did not resolve their claims favorably. (Bankr. ECF Nos. 374, 399). The Bankruptcy Court's order on Defendants' (here, Appellants) motion for clarification denied most of the relief requested but also incorporated this clarification into its Final Judgment: Plaintiffs "prevailed against Alfaro and the Alfaro Entities [Primera

5

Energy, LLC, Alfaro Oil and Gas, LLC, and Alfaro Energy, LLC] for common-law fraud, fraud in the inducement, fraud in the real estate transaction, [and] negligent misrepresentation." Bankr. ECF No. 400 at 4.

Those orders that "do reach the merits, but which do not constitute 'the end of the road for the losing party'" are nonfinal interlocutory orders. *La Tierra Interiors*, 500 F. App'x at 289 n.7. Judge Gargotta's Memorandum Opinion and Final Judgment clearly marked the end of the road for the losing parties.

**III. Conclusion**

Upon the forgoing, the Court finds the Bankruptcy Court's Judgment was final and appealable because there were no remaining matters for the Court to decide as it related to the trial and determination of its Judgment other than Plaintiffs' request for attorney's fees and costs. *See* (Bankr. ECF Nos. 379, 429). Accordingly, appellate jurisdiction was proper.

Therefore, the Court DENIES Appellants' *Motion to Dismiss, or in the Alternative, to Designate Record Items Out of Time* (ECF No. 22).

This Court affirmed the Bankruptcy Court's decision and judgment was entered on September 27, 2019. (ECF Nos. 16, 17). Since that date, Appellants have presented, and the Court has considered and ruled on, two motions for reconsideration (ECF Nos. 19, 23), a motion to amend, correct, or modify (ECF No. 18), and the instant motion to dismiss (ECF No. 22). Any further relief should be sought via the appellate process; by an appeal to the Fifth Circuit.

It is so ORDERED.

SIGNED this 21st day of November 2019.

_JASON PULLIAM_
JASON PULLIAM
UNITED STATES DISTRICT JUDGE